WARD *v.* McPHERSON.

Opinion delivered October 19, 1908.

1. CORPORATIONS—CONTRACT WITH DIRECTORS.—Contracts between corporations and their directors are more closely scrutinized than ordinary contracts, and the burden is upon those claiming under them to prove that they are made in good faith and fair to the corporation. (Page 523.)

2. FRAUD—CONCURRENT JURISDICTION OF LAW AND EQUITY.—Since courts of law as well as equity have jurisdiction to relieve against frauds upon creditors, if no motion in such a case is made to remove from law to equity, the court may either transfer upon its own motion, or proceed to a trial upon the merits. (Page 523.)

Appeal from Johnson Circuit Court; *Hugh Basham,* Judge; affirmed.

*Atkinson & Patterson,* for appellant.

Appellant was operating the quarry under an oral lease from the Mississippi Valley Construction Company obtained in August, 1906, which was prior to the suit against the company. Afterwards the contract was reduced to writing by authority of the board of directors. The fact that appellant was president of the company did not prevent him from dealing with the company. It was no fraud on the company. 3 Thompson on Corp. § 4061. See, also, 59 Ark. 575, 587.

*Cravens & Covington,* for appellee.

1. No bill of exceptions was signed in this case, and for that reason it should be affirmed, or the appeal dismissed.

2. The evidence fully sustains the court's action in directing a verdict for the defendants.

3. The evidence, and especially the execution by appellant of the deed of trust to Little, trustee, and a mortgage to Jordan, each embracing all the property of the Construction Company, in neither of which is any mention made of any lease to appellant, contradicts his contention that he was in possession of the quarry under any sort of lease.

HILL, C. J.   W. H. McPherson, sheriff of Johnson County, levied two executions upon a lot of stone, which was replevied from him by Ward. One of the executions was in favor of Ord Morgan, and the other in favor of the Indiana Road Machine Company, and each was against the Mississippi Valley

Construction Company. The replevin suits were consolidated in the circuit court, and on the trial the court directed verdicts in favor of the defendant. Judgments were rendered against the plaintiff Ward and the sureties upon his replevin bonds for the value of the stone taken under the writs of replevin, and he has appealed therefrom.

The hearing has heretofore been continued in order to enable the appellant to get the bill of exceptions into the record, as it is not in the transcript, the original bill having been lost for a time. It has now been found and brought here by certiorari since the submission of the cause, but the record fails to show that the bill of exceptions was filed within the time fixed by the court for it to be filed. Appellant says that this is a clerical error, and can be corrected by *nunc pro tunc* order, and asks for a further continuance for the purpose of having the correction made and having the bill of exceptions copied into and made part of the transcript. The case has been fully abstracted and briefed on the merits. If the court was satisfied that error was committed, then it would consider whether due diligence had been exercised in having the record perfected and whether it would grant a continuance; but the court is satisfied that no error has been committed, even if the record presented by the appellant be taken as properly authenticated and filed within time. Hence it would be idle to continue it for the purpose of getting the record in reviewable shape.

This is the case: The Mississippi Valley Construction Company owned a quarry at Cabin Creek, in Johnson County. Zeb Ward was the president and general manager, and the members of his family were the principal stockholders. It became insolvent, and judgments were obtained against it at various places, and it was unable to obtain the means to carry on its business of quarrying rock. In August, 1906, when it was in this condition, Ward obtained a contract for furnishing stone to contractors in New Orleans, and he took over the quarry under what he called a verbal lease, and proceeded to take out stone in his own name in the fulfillment of this contract. The verbal lease of August was authorized by the treasurer, Ward's brother-in-law, and one other director, with the consent of the German National Bank, the principal creditor of the company. There was no meeting

of the board of directors, and no minute made of it. The consideration was to be $300 per year for two years. Subsequently, on January 2, 1907, there was a formal meeting of the board of directors, and this verbal lease was ratified, and a written lease executed covering the period intended to be covered by the oral lease. Prior to the execution of this written lease, in December, 1906, Ord Morgan and the Indiana Road Machine Company recovered judgments in the Johnson Circuit Court against the construction company. Stone quarried by Ward was levied upon, January 18, 1907, in favor of the Indiana Road Machine Company, and the 27th of February in favor of Ord Morgan.

The case was tried on the testimony of Ward, and the facts are undisputed.

Passing all questions of the form, duration and manner of the execution of said oral lease, it was a fraud upon the creditors of the corporation. The corporation was then hopelessly insolvent, and was at that time indebted to the Indiana Road Machine Company and to Ord Morgan for matters upon which they subsequently obtained judgments. It operated to withdraw from the reach of creditors the stone in the quarry, which was being taken out by Ward, its president, general manager, director and stockholder, in fulfillment of an individual contract. Some authorities hold such contracts to be absolutely void, but the weight of American authority is that contracts between corporations and their directors, dealing with the corporate assets, are not void but voidable. Where they are held voidable, however, all agree that they are more closely scrutinized than ordinary contracts; and the burden is upon those claiming under them to prove that they are made in good faith and fair to the corporation. 2 Thompson on Corporations, § § 4040-4049, 4060-4064; 3 Clark & Marshall on Corporations, p. 2302-2307, § 761; Helliwell's Supp. to Clark & Marshall, § 76; *Jones, McDowell & Co.* v. *Ark. Mech., etc. Co.,* 38 Ark. 17; *Searcy* v. *Yarnell,* 47 Ark. 269. The burden was upon Ward to show the fairness to the corporation of this lease, and this he has wholly failed to do.

The relief of creditors is usually worked out in equity. But where the creditors are not simple contract creditors, but, as in this case, have a lien upon the property from the date of their

judgment, a different rule may prevail. 3 Clark & Marshall on Corporations, 2330. However, that is not important here, for the answer set forth the fraudulent character of the transactions, and the evidence sustained it; and this court has held that "courts of equity and law have jurisdiction to relieve against frauds upon creditors. And where no motion is made to correct an error in the adoption of the proceedings, the court may either transfer upon its own motion, or may proceed to a trial upon the merits." *Catchings* v. *Harcrow*, 49 Ark. 20. That principle is applicable here.

The judgment is affirmed.